*E-FILED - 7/6/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN APBIKAR, | ) | No. C 09-1500 RMW (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| JANET NAPALITANO, et al., | ) ) | |
| Respondent. | ) ) | |

Petitioner, a pretrial detainee incarcerated at the Santa Clara County Jail and proceeding pro se, filed the above entitled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, petitioner is a lawful permanent resident and is being held by Immigration and Customs Enforcement ("ICE"). Petitioner filed a motion for bond, which was denied by an immigration judge on November 24, 2008. Petitioner appealed that decision, and the appeal was dismissed by the Board of Immigration Appeals on March 16, 2009. Thereafter, petitioner filed the instant petition on April 6, 2009.

**DISCUSSION**

**A.     Standard of Review**

1 .     A district court shall "award the writ or issue an order directing the respondent to show
2 cause why the writ should not be granted, unless it appears from the application that the
3 applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief petitioner claims that he should be released on bond because he does not fall under the statutory requirements under INA § 236(c) and 8 U.S.C. § 1226(c). Liberally construed, petitioner's allegation is sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.     The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the United States Attorney for the Northern District of California. The clerk shall also serve a copy of this order on the petitioner. The clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, D.C.

2.     Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

4.     It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.09\Abpikar500.OSC.wpd     2

1 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
2 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
3 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
4 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5     IT IS SO ORDERED.

6 DATED: __7/2/09_____   /s/ Ronald M. Whyte
7     RONALD M. WHYTE
    United States District Judge