*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR,<br><br>    Petitioner,<br><br>vs.<br><br>JANET NAPOLITANO, et al.,<br><br>    Respondents. | No. C 09-1500 RMW (PR)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |

Petitioner, a removable alien previously detained on behalf of the Department of Homeland Security ("DHS") at Yuba County Jail in Marysville, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the court dismisses the petition as moot.

**BACKGROUND**

According to the petition, petitioner was a lawful permanent resident and was being held by Immigration and Customs Enforcement ("ICE"). Petitioner filed a motion for bond, which was denied by an immigration judge on November 24, 2008. Petitioner appealed that decision, and the appeal was dismissed by the Board of Immigration Appeals on March 16, 2009. Thereafter, petitioner filed the instant petition on April 6, 2009. Petitioner's habeas petition challenged the immigration judge's decision to deny his application for pre-removal release on bond.

After filing a response to the order to show cause, respondents filed a status report

1 regarding petitioner stating that as of November 16, 2009, petitioner was released from ICE
2 custody on an order of supervision.

## DISCUSSION

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Once a case no longer presents a live Article III case or controversy, it is moot. Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007).

A habeas petition is moot where the petitioner has been removed or released and there are no "collateral consequences" that would be redressed by granting a habeas petition where the alien is challenging the underlying conviction or removal order. See id. at 1064 (citing examples where removal of alien without addressing the underlying conviction would mean that alien was barred for a number of years from reentering the country).

Here, petitioner has received the relief that he requested of the court: to be released pending his removal order. ICE released the petitioner in November 2009. There are no "collateral consequences" for petitioner that success on his habeas petition can remedy, because petitioner did not challenge his underlying conviction or removal order. Thus, petitioner's case is moot.

## CONCLUSION

Accordingly, the petitioner's case is DISMISSED as moot. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/8/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge